**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-6579**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

RANDALL LEE CONRAD,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:04-cr-00297-NCT-1; 1:07-cv-00313-NCT-WWD)

Submitted:  December 21, 2016          Decided:  January 13, 2017

Before WILKINSON and DIAZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Randall Lee Conrad, Appellant Pro Se.  Robert Michael Hamilton, Angela Hewlett Miller, Assistant United States Attorneys, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Randall Lee Conrad seeks to appeal the district court's order accepting the recommendation of the magistrate judge and denying his Fed. R. Civ. P. 60(d) motion for reconsideration of the district court's order denying relief on his 28 U.S.C. § 2255 (2012) motion. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012); United States v. McRae, 793 F.3d 392, 398 (4th Cir. 2015). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484-85.

We conclude that a certificate of appealability is not warranted, as reasonable jurists would not find it debatable that

Conrad's claim of fraud on the court was without merit.* First, Conrad failed to establish that trial counsel actually engaged in fraud. In that regard, we agree with the district court that there is insufficient evidence to establish that the misstatements contained in trial counsel's affidavit are anything other than unintentional mistakes.

Even assuming that counsel's misstatements were sufficient to constitute fraud, the misstatements that Conrad complains of would not rise to the level of fraud on the court. Where a Rule 60 motion is premised on fraud on the court, proof of "garden-variety fraud" is insufficient. Fox ex rel. Fox v. Elk Run Coal Co., 739 F.3d 131, 135 (4th Cir. 2014). Rather, relief under Rule 60(d)(3) is only available where the fraud involves "an intentional plot to deceive the judiciary [and] . . . touch[es] on the public interest in a way that fraud between individual parties generally does not." Id. at 136.

We have emphasized that even "perjury and fabricated evidence . . . which [a]re reprehensible and unquestionable evils, [a]re not adequate to permit relief as fraud on the court because the legal system encourages and expects litigants to root them out as

---

* Because Conrad does not challenge the district court's conclusion that any motion filed pursuant to Rule 60(b)(3) is time-barred, he has waived review of that ruling. 4th Cir. R. 34(b).

3

early as possible." Id. (internal quotation marks omitted). Thus, fraud on the court "is limited to situations such as bribery of a judge or juror, or improper influence exerted on the court by an attorney, in which the integrity of the court and its ability to function impartially is directly impinged." Id. (internal quotation marks omitted).

We have previously stated that "fraud upon the court includes . . . fraud by an officer of the court, including an attorney." In re Genesys Data Techs., Inc., 204 F.3d 124, 130 (4th Cir. 2000). This would, at first blush, appear to support Conrad's position. However, we have clarified in other cases that "[a]lthough perjury by a witness will not suffice, the involvement of an attorney, as an officer of the court, in a scheme to suborn perjury" constitutes fraud on the court. Cleveland Demolition Co. v. Azcon Scrap Corp., a Div. of Gold Fields Am. Indus., 827 F.2d 984, 986 (4th Cir. 1987).

Thus, we have deliberately differentiated between fraud perpetrated by an attorney who is actively participating in proceedings before a court, and fraud perpetrated by a mere witness providing evidence to that court. This is because fraud committed by an officer of the court, actively participating in court proceedings, renders "the judicial machinery [unable to] perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." Great Coastal Exp., Inc. v. Int'l

4

Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., 675 F.2d 1349, 1356 (4th Cir. 1982). Moreover, fraud in those instances "cannot necessarily expect to be exposed by the normal adversary process." Id. at 1357.

In contrast, fraud committed by a witness who happens to be an attorney does not elevate perjury to the level of fraud on the court because the danger that a party's fraud would corrupt the judicial process simply is not present. Without a concerted effort by both a witness and opposing counsel to commit and conceal fraud, the adversarial process is ordinarily sufficient to uncover the fraud. In these cases fraud by an attorney-witness does not subvert the "public interest in a way that fraud between individual parties generally does not" and does not rise to the level of fraud on the court. Fox, 739 F.3d at 136. Here, trial counsel acted only as a witness when he submitted his affidavit, alleviating any concern that the judicial process would be corrupted by any alleged fraud. Indeed, Conrad was able to discover counsel's misstatements, demonstrating that the proper function of the adversarial process was not impinged. The district court's conclusion that Conrad failed to demonstrate fraud on the court therefore was not debatable or wrong.

Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the

materials before this court and argument would not aid the decisional process.

DISMISSED